**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert C. JOHNSON, Jr.,**
**Defendant-Appellant.**

**No. 84–5477.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 11, 1985.

Decided March 6, 1985.

---

Larry D. Woods (argued), Woods, Bryan, Woods & Watson, Nashville, Tenn., for defendant-appellant.

Joe B. Brown, U.S. Atty., Derry Harper (argued), Nashville, Tenn., for plaintiff-appellee.

Before LIVELY, Chief Judge, ENGEL, Circuit Judge and RUBIN, District Judge.[*]

[*] The Honorable Carl Rubin, Chief Judge, United States District Court for the Southern Distrit of Ohio, sitting by designation.

## PER CURIAM.

Robert C. Johnson appeals from his conviction on one count of violating the Mann Act, 18 U.S.C. §§ 2421 and 2422. He was tried with David Simmons who was convicted of the same charge and an additional charge of transporting a stolen motor vehicle across a state line in violation of the Dyer Act, 18 U.S.C. § 2312. Both defendants made motions for separate trials, but the district court overruled these motions and ordered all charges tried together.

The evidence against the defendant Johnson was circumstantial as to his participation in the violation of the Mann act and he contends that he was prejudiced by having his case tried with that of Simmons against whom there was direct evidence of both the Mann Act and the Dyer Act charges. Though Johnson's arguments on behalf of his motion for severance are not without substance, we cannot find that the district court abused its discretion in requiring a joint trial of these parties and the two charges. The charges against both defendants arose from a single extended transaction involving activities which began in Columbus, Ohio and ended in the State of Florida. Though the facts were intertwined, the charges were relatively simple and the district court could properly conclude that the jury would be able to treat the charges against the two defendants separately.

The defendant also contends that the district court shifted the burden of proof to him in violation of *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). He argues that an instruction to the jury that it could reasonably draw an inference that a person intends the natural and probable consequences of an act knowingly done placed the burden on Johnson of disproving intent, whereas intent was an element of the of-

fense charged upon which the government had the burden of proof. We conclude that the instruction as given by the district court did not violate *Sandstrom,* which condemned an instruction which referred to a presumption, not an inference. Though it has been criticized on a number of occasions, the instruction which the district court gave in the present case has recently been approved by this court, which again made a distinction between instructing on a presumption and on an inference. See *United States v. Thomas,* 728 F.2d 313, 320–21 (6th Cir.1984).

■ In its general instruction on the jury's duty to consider all of the evidence, after advising the jury that defendant Simmons was not required to testify, the district court stated:

> Mr. Johnson was a competent witness, and you are to judge his testimony insofar as possible in the same manner as you judge that of any other witness. The mere fact that Mr. Johnson has an overwhelming interest in the outcome of this law suit as it relates to him does not necessarily mean that he's unworthy of belief, nor does it mean that he has not told you the truth.

The defendant objects to the reference to his "overwhelming interest" in the outcome of the law suit as inviting the jury to apply a different standard to his testimony than it applied to other evidence in the case. The district court did not single out the testimony of any other witness for this or similar comment. Counsel for Johnson made a timely objection to this statement.

We agree with counsel for the defendant that the better practice is for a district court not to single out the testimony of a defendant in a criminal trial by advising the jury of the fairly obvious fact that the defendant has an overwhelming interest in the outcome of the trial. However, we do not believe this single comment constituted reversible error, and, accordingly, we affirm the judgment of the district court.